UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

ADVANCED INK SYSTEM CORP.,
  Plaintiff,

v.                                                                Civil No. 05-1899 (DRD)

INK HALF PRICE, INC., ET AL.,
  Defendants.

**ORDER**

Plaintiff Advanced Ink System, Corp. ("AIS") brings this case against Ink Half Price, Inc. ("IHP"), Robert Smith III, Cornerstone Ink, LLC, Valerie Hook, and Shane Harrington ("Harrington") alleging breach of contract and operation of a fraudulent scheme[1]. Pending before the Court is Co-defendant Harrington's unopposed[2] motion to dismiss.[3] Co-defendant Harrington moves to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, Harrington requests transfer of venue to South Carolina or to dismiss for failure to state fraud allegations with particularity, pursuant to 28 U.S.C. §§ 1406, 1631, and Fed. R. Civ. P. 12(b)(6) and 9(b), respectively. For the reasons set forth below, the Court **grants** Co-defendant Harrington's motion to dismiss for lack of personal jurisdiction.

**STANDARD OF REVIEW**

In ruling on a 12(b)(2) motion to dismiss, the court applies a prima facie standard under which all well-pled factual averments as accepted as true and disputed facts are construed in

---

[1] The Amended Complaint (Dkt. No. 10) does not reference any specific law or statute.

[2] *See* Dkt. No. 43.

[3] Dkt. No. 23.

the light most favorable to the plaintiff. *Massachusetts Sch. of Law v. ABA*, 142 F.3d 26, 34 (1st Cir. 1998). The court shall consider only whether the plaintiff has proffered evidence that is enough to support findings on all facts essential to personal jurisdiction. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992).  However, a court need not credit "conclusory allegations or draw farfetched inferences." *Ticketmaster-New York v. Alioto,* 26 F.3d 201, 203 (1st Cir. 1994).

A plaintiff ultimately bears the burden of persuading the court that jurisdiction exists. *Massachusetts Sch. Of Law* at 26.  To meet this burden the plaintiff must establish sufficient facts to support a prima facie case under both the forum's long-arm statute and the due process clause of the Constitution.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (U.S. 1980); *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990).  A plaintiff must make a showing of personal jurisdiction based on evidence of specific facts set forth in the record. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787 F.2d 7, 9 (1st Cir. 1986).  Unsupported allegations in a complaint are insufficient.  *Boit*, 967 F.2d at 675. A plaintiff must "**go beyond the pleadings and make affirmative proof**." *Chlebda v. H. E. Fortna & Bro., Inc.,* 609 F.2d 1022, 1024 (1st Cir. 1979) (Emphasis added)**.**

**BACKGROUND**

The facts as set forth in the Amended Complaint are as follows:  Plaintiff is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico with its principle place of business in Puerto Rico.  Co-defendant IHP was a corporation duly organized and existing under the laws of South Carolina with its principle place of business in Georgia.  Co-defendant Robert Smith III acted as and represented himself as the president of IHP.  Co-defendant Valerie Hook was the president and/or principal of IHP.  Co-defendant Shane Harrington is the daughter of Co-defendant Robert Smith III and was the sole incorporator and owner of IHP.  Plaintiff claims Harrington also had check-writing authority for IHP.  Plaintiff alleges IHP has disappeared from its original place of business and is no longer in existence, but has re-emerged under a new name, Cornerstone Ink, Inc., a corporation duly organized and existing under the laws of Tennessee with its principle place of business in

Tennessee. Cornerstone Ink, Inc. is also named as a defendant in this case.

In January 2004 AIS's president, Astrid Lupianez ("Lupianez"), discovered IHP's website and requested additional information via e-mail regarding the company's products. Communications between AIS and IHP's salespeople ensued and the two companies negotiated a contract for the sale of vending machines to AIS. Lupianez personally traveled to Georgia to meet with IHP representatives and the vending machine sale was finalized. At the meeting in Georgia Lupianez delivered a check in the amount of $59,600.00 for the products and provided an additional $361.45 in shipping costs. On this same trip to Georgia, Lupianez and her husband underwent training in the operation of the vending machines and visited other locations in Georgia where IHP had vending machines in operation. IHP agreed to a delivery date of November 26, 2004 for the vending machines.

The delivery was never made and Plaintiff claims IHP has "disappeared". Lupianez nevertheless maintained contact with the company's representatives via email, and continued to be assured the machines would be delivered. Plaintiff alleges IHP has been disbanded, but re-organized into new companies, including Somewhere in Time Studio and Gallery, Inc. and Cornerstone Ink, Inc., for the purpose of perpetuating a fraudulent scheme. Plaintiff filed this case on August 23, 2005 seeking to recover a total of $60,511.00 paid to IHP as well as $180,000.00 in estimated income loss.

## DISCUSSION

As an initial matter, the Court notes Plaintiff has not contested Harrington's motion to dismiss. Given Plaintiff's burden of persuading the Court that personal jurisdiction should properly be exercised, this omission is significant. Plaintiff has made no effort to meet their burden and caselaw clearly indicates the unsupported allegations of the complaint are insufficient to establish jurisdiction. *Boit,* 967 F.2d at 675. Plaintiff has not refuted the sworn statements made by Harrington or Robert Smith III in their affidavits, claiming that Harrington had no contact or communication with Puerto Rico in any capacity, nor have they offered any affirmative proof that Puerto Rico is the proper forum state for this action.

Puerto Rico's long-arm statute allows Puerto Rico courts to exercise jurisdiction over a non-resident defendant if the action arises because that person: (1) "[t]ransacted business in Puerto Rico personally or through an agent"; or (2) "participated in tortuous acts within Puerto Rico personally or through his agent." P.R. Laws Ann. tit. 32, App. III, R. 4.7(a)(1); see also *Rodriguez v. Fullerton Tires Corp.*, 937 F. Supp. 122, 124 (D.P.R. 1996); *A. H. Thomas Co. v. Superior Court,* 98 P.R.R. 854, 870 (1970) (summarizing three rules formulated to determine *in personam* jurisdiction over a nonresident defendant[4]). It is well established that the reach of Puerto Rico's long-arm statute stretches "up to the point allowed by the Constitution." *Benitez-Allende v. Alcan Aluminio Do Brasil*, *S.A.*, 857 F.2d 26, 29 (1st Cir. 1988). Thus the Court turns its inquiry to the constitutional issue.

A court asserting jurisdiction over a nonresident defendant must find that the defendant has sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Due process requires the plaintiff to prove the existence of either general or specific jurisdiction. *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). The First Circuit follows a three-step analysis in determining jurisdiction:

> First, the defendant must have sufficient "minimum contacts" with the state. For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state. Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances.

*Harlow* at 57.

Each defendant's contacts with the forum State must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (U.S. 1984). There are simply no allegations that

---

[4] The rules are: (1) There must be some action or transaction consummated within the forum. It is not necessary that defendant's agent be physically within the forum; the act or transaction may be by mail. A single event will suffice if its effects within the state are substantial enough to qualify under Rule 3. (2) The cause of action must arise out of, or result from, the activities of the defendant within the forum. (3) The activities linking defendant, forum, and cause of action must be substantial enough to meet the due process tenets of "fair play" and "substantial justice."

Harrington had any contact whatsoever with Puerto Rico. The Amended Complaint alleges that AIS's president traveled to Georgia to engage in a business transaction with IHP, personally delivered a check to the Georgia office, underwent training in Georgia, and visited other vending machine locations in Georgia. Though the vending machines were scheduled to be delivered to Puerto Rico, no delivery was ever made. Harrington was not present or involved in any of these steps. "Evidence of a defendant's entry into a contractual relationship with a plaintiff in another state is relevant to whether the defendant 'reached out' to that state. But the mere fact that a plaintiff entered into a contract with a defendant in the forum state is not in and of itself dispositive of the personal jurisdiction question." *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 136 (1st Cir. 2006). No contact with or transaction related to Puerto Rico is attributed to Shane Harrington in the Amended Complaint or in any affidavit. Aside from Plaintiff's claim that the vending machines purchased in Georgia were to be delivered to Puerto Rico, AIS offers no evidence as to Defendants directing any activity at this forum state or in any way "reaching out" to Puerto Rico[5]. The First Circuit "steadfastly rejects the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect. Instead, the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's

---

[5] Though Plaintiff states they first became aware of IHS through the company's website, the existence of a website is insufficient to establish personal jurisdiction in a foreign forum. There is a growing body of caselaw addressing the question of when Internet activity can support the exercise of personal jurisdiction over non-resident defendants. This case does not justify a prolonged discussion of the law in this area, as the existence of IHP's website is not relevant to Harrington's contacts (or lack thereof) with Puerto Rico. Nevertheless, the Court surmises from the record that the website is fairly general in nature and is not specifically directed at Puerto Rico residents. Instead the site is available to all customers throughout the country who have access to the Internet. *See Multi Tech. Indus., LLC v. Forchheim*, No. 05-403SM, 2007 U.S. Dist. LEXIS 9279, at *10 (D.N.H. Feb. 7, 2007). The ability of District residents to access the defendants' websites does not by itself show any persistent course of conduct by the defendants in the District. *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005)(internal quotations omitted). A mere presence on the Internet does not amount to the purposeful availment needed to establish personal jurisdiction. *Comer v. Comer*, 295 F. Supp. 2d 201, 209 (D. Mass. 2003). Further, the sale in the instant case was not made through the Internet since, pursuant to the allegations of the Complaint, Plaintiff personally flew to the defendants' corporation's offices in Georgia.

case." *Platten* at 137 (quoting *Harlow*, 432 F.3d at 60-61) (internal quotations omitted).

Moreover, Defendant Harrington states in her sworn statement that she had no role in the ownership or operation of Ink Half Price, Inc., but only served as its designated Registered Agent for service of process. She further states she had no involvement in any transactions between IHP and AIS, never communicated with anyone representing AIS, never telephoned or corresponded with anyone in Puerto Rico, and never transacted any kind of business in Puerto Rico. Plaintiff's Amended Complaint states that AIS's president contacted the IHS company in its home state of Georgia and engaged in telephone conversations with its sales representatives (none of whom were Harrington). Even if the Court assumes, without deciding, that these phone calls were enough to establish jurisdiction over IHP in Puerto Rico, this contact cannot be imputed to Harrington even if she were an officer of IHP. "Jurisdiction over the individual officers of a company may not be based merely on jurisdiction over the corporation." *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980). There must be an independent basis for asserting long-arm jurisdiction other than the officer's contacts with Puerto Rico in their corporate capacity. *Id*. In *Escude* the First Circuit determined that because the plaintiff failed to rebut the defendant's affidavits, in which they stated they had never transacted personal business in Puerto Rico, there was no basis for exercising personal jurisdiction over them. In the instant matter Plaintiff has failed to rebut Harrington's identical assertions in any way.

By not responding to the motion to dismiss, AIS has failed to meet their burden of establishing personal jurisdiction over Harrington. Moreover, even assuming, *arguendo,* that the Amended Complaint's allegations are true and sufficiently supported, there is simply no evidence of Harrington having any contacts with Puerto Rico, much less that such contacts were continuous or systematic. Hence neither the requirements for general nor specific jurisdiction have been met. Accordingly, Harrington's motion to dismiss is hereby granted[6].

---

[6] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.*, 101 F.3d

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 30, 2007.

                S/ Daniel R. Dominguez

                United States District Judge

---

1448, 1449 (1st Cir. 1996) ("[P]iecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas-Green v. Casaine*, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule...furthers the strong congressional policy against piecemeal review." (Internal quotations omitted)); *Comite Pro Rescate de la Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir. 1989).